348 P.2d 490

Lucille L. CURRY, Next Friend of John A. Howard, and Lucille L. Curry, Individually, Plaintiff-Appellee,

v.

Frank VESELY, Defendant-Appellant.

No. 6585.

Supreme Court of New Mexico.

Jan. 11, 1960.

W. C. Whatley and Raymond E. Riordan, Las Cruces, for appellant.

Hubert O. Robertson and Joe W. Hodges, Jr., Silver City, for appellee.

McGHEE, Chief Justice.

This is an action for damages for personal injuries resulting from an automobile accident allegedly caused by defendant's negligence. The complaint was filed by the mother and next friend of John A. Howard and judgment was recovered for $15,000 for the minor and $2,083.49 for medical and incidental expenses incurred for the care and treatment of the son as a result of the injuries he sustained in the accident.

Both the minor, John A. Howard, and the defendant, Vesely, were in a group of teen-age Anglo boys who had decided to accept a challenge extended by a group of Spanish-American boys for a nighttime gang fight at the Little Walnut picnic grounds some miles from Silver City. The defendant, Vesely, obtained possession of a two-ton truck belonging to his grandmother (without her knowledge) in which a number of the boys rode towards the scene of the proposed fight. John A. Howard, Ronnie Wiseman and Richard Latham followed in a car that was driven and owned by Latham.

Enroute to the picnic grounds they came to a place where the road was cut through a small knoll with the result that the road was considerably lower than the adjacent terrain. The road at this point had been partially blocked with large stones, presumably by the Spanish-American boys who from their position above the road, stoned the vehicles as they slowly made their way through the blockade. One of the boys riding in the truck was struck on the head and injured by a stone. Both vehicles stopped a short distance beyond the roadblock and the boys decided to abandon the proposed fight and take the injured boy to a hospital back in Silver City. The truck proceeded up the road to turn around and the driver of the car backed it into a turnoff to await the return of the truck before starting for Silver City.

After waiting for some minutes, John A. Howard became uneasy about what might happen to his brother who was riding in the truck, so the boys in the car started up the road towards the picnic grounds. As they approached the top of a hill, the lights of the truck became visible some 35 or 40 feet away. Vesely, who was driving the truck, saw their lights at the same time. The driver of the car swung to his right to avoid a collision but it went off the shoulder and turned over, pinning the plain-

tiff under it and causing the injuries complained of. There was no contact between the vehicles but several witnesses testified that the truck was over the center of the roadway as it came over the hill and toward the car in which John A. Howard was riding.

■ The first point relied upon for a reversal is that there was not sufficient evidence of negligence on the part of Vesely to support a judgment against him. We cannot agree with this contention. There is substantial evidence in the record of the negligence on the part of Vesely on which to base such a finding.

The second point relied upon for a reversal is that the boys, including John A. Howard, were engaged in an unlawful assembly, and that fact it is said bars any right to recover damages for injuries sustained in carrying out such unlawful act.

The case was tried before the court without a jury, and it found that John A. Howard was not engaged in any unlawful act at the time of his injury.

The defendant does not assert there is not substantial evidence to sustain such finding, but argues it is erroneous in that the evidence shows that the boys in the car were enroute to the picnic grounds to take part in a fight if one was in progress there.

Section 40–12–10, 1953 N.M.S.A., reads as follows:

"If three (3) or more persons shall assemble together, with intent to do any unlawful act with force and violence against the person or property of another, or to do any unlawful act against the peace, or being lawfully assembled, and shall agree with each other to do any unlawful act, as aforesaid, and shall make any movement or preparation therefor, the persons so offending shall each, on conviction thereof, be fined in any sum not exceeding two hundred dollars ($200), or be imprisoned not exceeding six (6) months, or both, at the discretion of the court in which the conviction is had."

■ The law is well settled that a member of an unlawful assembly may not recover for injuries inflicted upon him by a fellow member while they are carrying out the unlawful purposes of such assembly if there is a causal connection between such act and the injury.

Probably the leading case on this subject is Gilmore v. Fuller, 1902, 198 Ill. 130, 65 N.E. 84, 60 L.R.A. 286. There, the plaintiff, defendant and a number of others assembled together one evening pursuant to a previous arrangement to engage in a charivari of a newly married couple. They took with them bells, pans, plow shares, revolvers, a shot gun and other noise making implements. When they reached

the house of the couple they began making noise with the instruments they had brought with them. The defendant fired his pistol into the air over his head six times, then put in more cartridges and held the pistol over his head and pulled the trigger three more times but the last cartridge failed to immediately explode, and while he was bringing it down or unbreaching it the cartridge exploded and injured the plaintiff. It was held as all participants were violating the law there could be no recovery.

Incidentally, the plaintiff agrees this case correctly states the law but says there must be a causal relation between the unlawful act and the injury and that such is not present here.

The vital question here is whether John A. Howard was engaged in a violation of our unlawful assembly statute when he was injured.

The anxiety of John A. Howard for the safety of his brother is easily understood in view of the surrounding circumstances. The boys in the truck were certainly not looking for a fight when they were beating a retreat to Silver City with their injured companion, and we do not believe the act of Howard in going up the road to see what had happened to his brother was sufficient to overturn the finding of the trial court that Howard was not engaged in an unlawful act at the time of the accident.

In the case of Manning v. Noa, 1956, 345 Mich. 130, 76 N.W.2d 75, it was held that one who had stopped her unlawful act of playing bingo and was leaving the church where the game was held enroute home was not barred from recovery from the church for injuries received as a result of a defective walk on the church premises.

It is not clear whether the trial court determined that Howard had never intended to have any part in the contemplated fight, or that he had abandoned an intention so to do prior to his injury. There is substantial evidence to support a finding on either point, and therefore there being substantial evidence the injuries were caused by the negligence of Vesely, the judgment will be affirmed.

It is so ordered.

COMPTON, CARMODY, and MOISE, JJ., concur.

CHAVEZ, J., not participating.